UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DANIEL C. WILSON,                                            23 Civ.
                                                          1:23-cv-1326 (TJM/DJS)
                        Plaintiff

                -against-                                       **COMPLAINT**

NATIONAL RAILROAD PASSENGER                    JURY TRIAL REQUESTED
CORPORATION,

                       Defendant.
-------------------------------------------------------------------X

NOW COMES the Plaintiff, DANIEL C. WILSON, a person of full age and majority domiciled in the County of Schenectady County, State of New York, by and through his attorneys, Flynn & Wietzke, PC and Poolson Oden, LLC, complains and alleges against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION [hereinafter "Amtrak"], as follows:

1. This Honorable Court possesses federal question jurisdiction with regard to Plaintiff's claims against his railroad employer Defendant, Amtrak, by virtue of 28 U.S.C. § 1331. Plaintiff's claims versus Amtrak arise under the provisions of the Federal Employers' Liability Act [hereinafter "FELA"], 45 U.S.C. § 51, *et seq.*

2. Venue is Proper in this Court as a substantial part of the events or omissions giving rise to the claim occurred in the District. Further, the Defendant, Amtrak, owns, operates, and/or maintains equipment, rail yards, and mainline railroad tracks in the District, where the cause of action arose.

3. Defendant, Amtrak, was and is a corporation organized and existing by virtue of an act of Congress and as such was doing business in the State of New York and was and is an interstate

carrier engaged in interstate transportation, operating an interstate system of railroads in and through several states, including in Rensselaer County, State of New York.

4. Plaintiff, Daniel C. Wilson, began his employment with Defendant, Amtrak, in or around 2011 as an electrician.

5. On or about November 2, 2020, Mr. Wilson was working in the course and scope of his employment as an electrician for Defendant, Amtrak.

6. On or about November 2, 2020, Mr. Wilson was diagnosed with carpal tunnel syndrome by Dr. Todd Jorgensen, and was advised for the first time that his hand injuries were the result of his workplace exposures during his employment at the railroad.

7. Plaintiff was required to perform heavy and strenuous work in awkward positions for extended periods of time thereby causing severe and permanent trauma to Plaintiff's hands. The awkward positioning and repetitive motion required to perform his craft caused physical and mental pain and suffering, and a tearing, twisting, wrenching, sprain and strain of the muscles, tendons, ligaments, bones, joints, nerves and related structures of the soft tissues of his hands requiring surgeries to Plaintiff's right hand and left hand.

8. This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries suffered by Mr. Wilson while employed as an electrician by his railroad employer Defendant, Amtrak, having sustained said injuries in the line of duty and while engaged in Amtrak's principal business of transporting passengers in interstate commerce.

9. Defendant, Amtrak, is liable unto its employee, Plaintiff, Daniel C. Wilson, for all of the damages he suffered, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings.

10. The injuries suffered by Mr. Wilson, and the resulting damages came as a result, in whole or in part, of the negligence of Defendant Amtrak, its officers, employees and agents, and in violation of the FELA, 45 U.S.C. § 51 et seq., to wit:

   A. In that Amtrak, in violation of its non-delegable duty, failed to provide Mr. Wilson with a reasonably safe place in which to work as required by law;

   B. In that Amtrak failed to exercise due care and being otherwise negligent under Defendant's work rules, work practices, customs and regulations such as requiring Mr. Wilson to work on Defendant's machinery in awkward postures;

   C. In that Amtrak failed to comply with safety rules of the Defendant and safety regulations governing the Defendant;

   D. In that Amtrak failed to implement safe and adequate monitoring of the physical stressors that exposed Mr. Wilson to awkward postures and repetitive motion stress known to Defendant;

   E. In that Amtrak failed to make reasonable efforts to inspect or monitor the levels/amounts of repetitive trauma produced by the work duties/tasks which Mr. Wilson was required to perform for the Defendant;

   F. In that Amtrak failed to implement safe and adequate engineering controls to monitor Mr. Wilson's workplace for the presence of physical stressors;

   G. In that Amtrak failed to adequately and safely supervise the operation of work which was being performed;

   H. In that Amtrak failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate cumulative and repetitive trauma to which Mr. Wilson would be exposed;

   I. In that Amtrak failed to periodically test employees such as Plaintiff for physical effects of repetitive trauma injuries as a result of exposure to repetitive occupational trauma;

   J. In that Amtrak failed to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of a dangerous working condition which posed an unreasonable risk of harm to Mr. Wilson;

   K. In that Amtrak failed by its negligent and reckless ergonomic practices that caused uncontrolled and unprotected exposure to cumulative trauma to Mr. Wilson in the form of compressive and shear forces known to Defendant;

    L.       In that Amtrak failed to conform the herein-named Defendant's workplace to the standards established by the Federal Railroad Administration, including those implemented by OSHA pursuant to a 1970 Memorandum of Understanding;

    M.      In that Amtrak failed to implement or enforce the use of tools or techniques that would have reasonably avoided the injuries sustained by Plaintiff; and

    N.       Other acts of negligence to be fully enumerated at the trial of this matter.

11. As a result, in whole or in part, of the foregoing negligence of Defendant Amtrak and its agents, in violation of the FELA, a dangerous condition was caused to occur as set forth above, causing Plaintiff, Daniel C. Wilson, to suffer severe physical injuries to his body as outlined herein, and that Plaintiff, Daniel C. Wilson, has suffered in the past pain and anguish and loss of enjoyment of life.

12. In addition, as a result, in whole or in part, of the foregoing negligence of Defendant Amtrak and its agents, in violation of the FELA, Plaintiff has lost wages and fringe benefits in the past, in amounts to be proven by the evidence at the trial of this matter.

13. In an effort to treat, heal and relieve his injuries, Plaintiff has spent monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

14. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering;

    B. Mental Pain and Suffering;

    C. Loss of Enjoyment of Life;

    D. Past Lost Wages;

    E. Past Lost Fringe Benefits; and

    F. Unpaid Past Medical Expenses.

15. Plaintiff reserves the right to supplement and amend this Complaint as additional facts become known to him.

16. Plaintiff is entitled to and demands a trial by jury.

17. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

Date: October 27, 2023

Respectfully submitted

By: *[signature]*
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com

And

**POOLSON | ODEN**
CARISA GERMAN-ODEN (LA#31463), *pro hac vice pending*
DANIEL J. "DANNY" POOLSON, JR. (LA#30676), *pro hac vice pending*
3900 N. Causeway Blvd., Suite 680
Metairie, LA 70002
Telephone:   (504) 766-2200
Facsimile:   (504) 766-2070
Email: Danny@poolsonoden.com
Email: Carisa@poolsonoden.com

**Attorneys for Daniel C. Wilson, Plaintiff**